See also 1996 WL 33347634.

**Jackie ERWIN, Petitioner–Appellant,**

v.

**Frank ELO, Warden, Respondent–Appellee.**

No. 03–1121.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2003.

Jackie Erwin, pro se, Freeland, MI, for Petitioner–Appellant.

Janet A. Van Cleve, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

## ORDER

Jackie Erwin, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 3, 1994, a jury found Erwin guilty of four counts of first-degree criminal sexual conduct. On January 3, 1995, Erwin pled guilty to the charge of habitual offender, second offense. Erwin was sentenced, as an habitual offender, to serve twenty to forty years of imprisonment for each conviction, to run concurrently. The Michigan Court of Appeals affirmed Erwin's convictions on December 13, 1996. Erwin did not pursue an appeal to the Michigan Supreme Court.

After unsuccessfully pursuing post-conviction relief, Erwin filed the instant petition for a writ of habeas corpus, in which he asserted the following four grounds for relief: 1) he was denied effective assis-

tance of trial counsel because counsel did not move to sever all seven criminal sexual conduct charges for trial; 2) insufficient evidence was presented to support his convictions; 3) the trial court committed reversible error by allowing the prosecution to introduce inadmissible character evidence at trial; and 4) he was denied effective assistance of appellate counsel. After counsel was appointed to represent Erwin, a supplement to the original habeas corpus petition was filed, in which Erwin asserted the following additional grounds for relief: 5) he was denied effective assistance of trial counsel because counsel did not object to improper prosecutorial vouching and argue a serious weakness in the prosecution's case, and 6) the trial court erred by denying his request to instruct the jury on third-degree criminal sexual conduct.

The district court dismissed Erwin's habeas corpus petition and subsequently granted his application for a certificate of appealability as to the first through third, fifth, and sixth grounds for relief. Erwin filed a timely appeal. He requests oral argument in his appellate brief. Erwin has also filed a motion for appointment of counsel.

Erwin's habeas corpus petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Therefore, our review of the case is governed by the AEDPA's provisions. *Mason v. Mitchell,* 320 F.3d 604, 613 (6th Cir.2003).

Upon review, we conclude that the district court properly dismissed Erwin's habeas corpus petition, as his asserted grounds for relief are barred by his unexcused procedural defaults. Erwin's second and third grounds for relief were raised in his second motion for relief from judgment. However, the state trial court clerk rejected Erwin's second post-conviction motion and returned it to him unfiled pursuant to Michigan Court Rule ("MCR")

6.502(G)(1) and (2) because it was successive and did not satisfy the requirements for filing a successive post-conviction motion. Erwin's fifth ground for relief was not presented to the Michigan courts either on direct or post-conviction review and due to the fact that he has already filed one motion for relief from judgment, he now has no available avenue in the state courts for review of his fifth ground for relief. *See* MCR 6.502(G)(1).

"A petitioner procedurally defaults claims for habeas relief if the petitioner has not presented those claims to the state courts in accordance with the state's procedural rules." *Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir.2000). When a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Since both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice. *Murray v. Carrier,* 477 U.S. 478, 494–95, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

In order to establish cause, a habeas corpus petitioner must show that "some objective factor external to the defense" prevented the petitioner's compliance with a state procedural rule. *Id.* at 488. Erwin offers no evidence which would establish cause to excuse his procedural default. In addition, Erwin has not supplemented his claims of constitutional error with a colorable showing of actual innocence so as to demonstrate a fundamental miscarriage of justice which would permit review of his defaulted claims even though cause has not

been established. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray,* 477 U.S. at 496. Thus, as a result of his unexcused procedural defaults, Erwin's second, third, and fourth grounds for relief may not be considered on federal habeas corpus review.

Erwin has waived appellate review of his first and sixth grounds for relief, because his appellate brief does not contain any argument as to why the district court's ruling with respect to such grounds for relief was improper. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the requests for oral argument and appointment of counsel are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.